STEAGALL, Justice
(dissenting).
The testimony and the physical facts of this case convince me that the verdict is against the great weight of the evidence. See Jackie Fine Arts, Inc. v. Berkowitz, 448 So.2d 318 (Ala.1984). It was undisputed that, at the time of the accident, the defendant, driving a truck loaded with 25 tons of logs, was attempting to pass the plaintiff’s vehicle on a two-lane highway clearly marked with double yellow lines to indicate that no passing was allowed at that point. The defendant testified at trial that he knew he was not to pass on a double yellow line, and the state trooper who investigated the accident testified that he ticketed the defendant for illegal passing. The conflicting testimony on which the majority relies to uphold the jury verdict is the testimony regarding whether the plaintiff was indicating a right turn or was indicating a left turn immediately before the accident. In my opinion, however, this testimony is not decisive as to the issue of the defendant’s wantonness.
This Court has held that wantonness is “ ‘the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.’ ” Anderson v. Moore Coal Co., 567 So.2d 1314, 1317 (Ala.1990) (citations omitted). The defendant admitted that he was aware that the highway in the area of the accident was marked with a double yellow line; that he knew that under no circumstances was he to pass on a double yellow line; and that the only reason he pulled out to pass Mrs. Kelley was to avoid losing speed in his truck. This evidence, even viewed in the light most favorable to the defendant, can support only a conclusion that the defendant’s actions constituted wanton misconduct. Based on this evidence, I would have *1099 granted a new trial; therefore, I must respectfully dissent.